[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14779
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cv-00122-MP-GRJ

STATIRIA SCOTT,

Plaintiff-Appellant,

versus

CAROLYN W. COLVIN,
Acting Commissioner of the Social Security Administration,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 9, 2016)

Before WILSON, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Statiria Scott appeals the district court's order affirming the Social Security Administration's (SSA) denial of supplemental security income pursuant to 42 U.S.C. § 1383(c).  On appeal, Scott argues that the Administrative Law Judge (ALJ) erred by (i) affording limited weight to the May 2012 mental health assessment of Scott by her treating doctor, Dr. Zhang, that concluded Scott had marked impairments, and (ii) concluding that Scott is capable of maintaining full-time employment despite her combined impairments and therefore not disabled.

Upon review of the parties' briefs and the record, we affirm.

I.

"In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).  "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).  We do not re-weigh the evidence or substitute our own judgment of the evidence, even if the preponderance of the evidence weighs against the ALJ's decision. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (per curiam).

A claimant of Social Security disability benefits must prove that she is disabled. *See id.* at 1211. The social security regulations outline a five-step, sequential evaluation process to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the [list of impairments under 20 C.F.R. Part 404, Subpart P, Appendix 1]; (4) based on a residual functional capacity (RFC) assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience.

*Winschel*, 631 F.3d at 1178; 20 C.F.R. §§ 404.1520(a)(4)(i)–(iv), 416.920(a)(4)(i)–(v).

In reviewing different medical opinions relevant to the determination, "the ALJ must state with particularity the weight given" to each and the grounds for his decision. *See Winschel*, 631 F.3d at 1179. The ALJ must give the opinion of a treating physician "substantial or considerable weight unless good cause is shown to the contrary." *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (internal quotation marks omitted). Such "good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Id*. at 1240–41. If the ALJ articulates

3

legitimate reasons for assigning limited weight to a treating physician's opinion that demonstrate good cause, then we must conclude such determination is supported by substantial evidence and therefore is not reversible error. *See Moore*, 405 F.3d at 1212; *Phillips*, 357 F.3d at 1240.

The ALJ did not err in giving limited weight to the opinion of Dr. Zhang, Scott's treating doctor at Meridian Behavioral Healthcare (Meridian). The ALJ's decision specifically articulates legitimate reasons for assigning Dr. Zhang's May 2012 RFC evaluation little weight. *See id.*; *Winschel*, 631 F.3d at 1179. The ALJ determined that Dr. Zhang's conclusions were "inconsistent with [his] own medical records" assessing Scott's mental health just a month prior to his completion of the RFC. *See Phillips*, 357 F.3d at 1240–41. The ALJ further noted that Dr. Zhang's findings differed from other evidence on the record including Meridian's own treatment records and test results, as well as the opinion of the state agency psychological consultant. Therefore, the ALJ articulated sufficient reasons to demonstrate good cause for affording Dr. Zhang's opinion limited weight, leading us to conclude such a determination is supported by substantial evidence. *See id.*

## II.

Mental and psychological defects can combine with physical impairments to create total disability. *See* 20 C.F.R. § 416.923. As such, "an ALJ must make

4

specific and well-articulated findings as to the effect of the combination of impairments when determining whether an individual is disabled." *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993).  In determining whether the claimant is capable of work despite her impairments, the ALJ may rely on the testimony of a vocational expert.  *See Jones v. Apfel*, 190 F.3d 1224, 1228–29 (11th Cir. 1999).

In determining that Scott was not disabled, the ALJ explicitly stated that Scott's combined impairments (i.e. post-tibial fracture injury, affective disorder, and post-traumatic stress disorder) did not amount to a listed impairment and made specific, articulated findings as to the effect of the combination of Scott's impairments.  Such a statement constitutes evidence that the ALJ considered the combined effects of Scott's impairments and discussed their cumulative effect. *See Wilson v. Barnhart*, 284 F.3d 1219, 1224–25 (11th Cir. 2002) (per curiam) (holding that the following statement by an ALJ constituted sufficient consideration of combined impairments: "[T]he medical evidence establishes that Wilson had several injuries which constitute a 'severe impairment', but that he did not have an impairment or combination of impairments listed in, or medically equal to one listed in [20 C.F.R. Part 404, Subpart P, Appendix 1]." (alterations adopted)); *see also Jones v. Dep't of Health & Human Servs.*, 941 F.2d 1529, 1533 (11th Cir. 1991) (per curiam).  Moreover, the ALJ discussed in detail both the physical and mental impairments she deemed legitimate and severe, and evaluated

them both "singly and in combination" in finding Scott not disabled.[1]  She also properly relied on the vocational expert's testimony in determining that despite not being able to perform her past work, jobs involving sedentary work existed in the national economy that Scott could perform with her combined impairments.  *See Apfel*, 190 F.3d at 1228–29.  Thus, substantial evidence supported the ALJ's determination that Scott was not disabled and therefore capable of maintaining full-time employment.

Accordingly, the district court's order affirming the SSA's denial of supplemental security income is

**AFFIRMED.**

---

[1] Additionally, because the ALJ had good cause to discredit the May 2012 opinion of Dr. Zhang, the ALJ did not need to consider the marked impairments Dr. Zhang identified in determining whether Scott was capable of full time employment.  *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160–61 (11th Cir. 2004) (per curiam).